BOYCE & ISLEY, PLLC v. COOPER

[357 N.C. 655 (2003)]

| | |
|---|---|
| BOYCE & ISLEY, PLLC, <br> EUGENE BOYCE, R. DANIEL <br> BOYCE, PHILIP R. ISLEY, AND <br> LAURA B. ISLEY <br><br> v. <br><br> ROY A. COOPER, III, THE <br> COOPER COMMITTEE, JULIA <br> WHITE, STEPHEN BRYANT, AND <br> KRISTI HYMAN | )<br>)<br>)<br>)<br>)<br>)    From Wake County<br>)<br>)<br>)<br>)<br>) |

No. 598P02

## SUPPLEMENTAL ORDER

Defendants filed motion for temporary stay, petition for writ of supersedeas, notice of appeal, petition for discretionary review of additional issues, and alternative petition for discretionary review of constitutional issues. Chief Justice LAKE, Justice PARKER, and Justice ORR recused. None of the remaining justices had conflicts as defined by the North Carolina Code of Judicial Conduct.

The term "quorum" means "[t]he minimum number of members (usu. a majority) who must be present for a body to transact business or take a vote." BLACK'S LAW DICTIONARY, at 1263 (7th ed. 1999). North Carolina law requires a minimum of four justices to constitute a "quorum for the transaction of the business of the court." N.C. Gen. Stat. § 7A-10 (2002). Upon the recusal of three justices, the remaining four justices constituted the minimum quorum necessary to address a matter before the court. Under these circumstances, the court in conference expressly invoked the Rule of Necessity in order to fulfill its duty under Article IV of the Constitution of North Carolina to resolve a matter properly presented to the court. *See United States v. Will,* 449 U.S. 200, 214, 66 L. Ed. 2d 392, 405-06 (1980) ("It is well established that actual disqualification of a member of a court of last resort will not excuse such member from performing his official duty if failure to do so would result in a denial of a litigant's constitutional right to have a question, properly presented to such court, adjudicated."); *see also Bacon v. Lee,* 353 N.C. 696, 717-18, 549 S.E.2d 840, 854-55 (2001) (Governor of North Carolina permitted to consider death row clemency petition despite his prior tenure as Attorney General); *Long v. Watts,* 183 N.C. 99, 102, 110 S.E. 765, 767 (1922) (Court must hear case challenging application of statewide income

**BOYCE & ISLEY, PLLC v. COOPER**

[357 N.C. 655 (2003)]

tax to judicial salaries, despite the potential impact of decision on members of the Court).

By order of the Court in Conference, this 28th day of October, 2003.

Edmunds, J.
For the Court          .

Chief Justice LAKE, Justice PARKER, and Justice ORR recused.